Filed 6/12/14  In re S.Y. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re S.Y., a Person Coming Under the Juvenile Court Law. | C074904 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. J05890) |
| Plaintiff and Respondent, | |
| v. | |
| M.W., | |
| Defendant and Appellant. | |

M.W., the paternal great-aunt of the minor S.Y., appeals from the juvenile court's orders denying her petition for modification requesting placement of the minor.  (Welf. & Inst. Code, §§ 361.3, 388, 395.)[1]  She contends the denial of her petition was an abuse of discretion.  We shall affirm the juvenile court's orders.

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

# BACKGROUND

In December 2011 S.Y. (born May 2011) lived with her half siblings S.H. (born January 2007), A.H. (born February 2006), and P.G. (born February 2002), along with their mother A.R. and S.Y.'s father, S.D.Y.  On December 29, 2011, mother and S.D.Y. brought S.H. into the emergency room for stomach pain.  He had multiple bruises and scratches to the abdomen, upper extremities, back, neck, and face.  S.H. was taken into surgery, where doctors determined he had sustained substantial internal injuries, including a ruptured intestine, half a gallon of bloody fluid in the abdomen, multiple bruises to the intestines, a bruised spleen, and hematomas to the left and right colon.  The injuries were caused by numerous hits of some kind to the abdominal area.  Mother and S.D.Y. were arrested and jailed on felony child abuse charges.

The minors were taken into protective custody, and the San Joaquin County Human Services Agency (HSA) filed a dependency petition alleging serious physical harm, failure to protect, severe physical abuse, no provision for support, and abuse of a sibling.  (§ 300, subds. (a), (b), (g), (e) & (j).)  The minors were detained in January 2012.

The juvenile court sustained the petition and denied reunification services for mother in August 2012 and for S.D.Y. in September 2012.

The January 2013 report noted the minors were placed together in a foster home. Mother and S.D.Y. did not have visitation with S.Y.  The paternal grandmother had monthly visits with S.Y., and the maternal grandmother had weekly phone calls with all of the minors.  Although many relatives came forward for placement, only one, the maternal uncle, was approved for placement at the time of the report.  He withdrew from consideration after divorcing his wife.

The March 2013 section 366.26 report noted "a few paternal side relatives" requested assessment for placement, but "[m]ost of these relatives either did not pass or are very marginal in their own functioning."  In January 2013 the foster parent voiced her

2

wish to adopt the children. She and her fiancé had started the home study at the time of the report.

The report found that the minors were strongly bonded to one another and separating them could be detrimental. They wanted to stay with the foster parent if possible. The report recommended terminating parental rights with a permanent plan of adoption.

An April 2013 report noted that the minors were very bonded with the foster mother and her fiancé. They were doing well in their home and growing rapidly. One relative, a "paternal side relative" of S.Y., remained for assessment. S.Y. did not know this person, and the relative did not have enough bed space for all of the minors under the juvenile court's jurisdiction. Since S.Y. was very bonded to the half siblings with whom she was living, the report recommended terminating parental rights and going forward with adoption of the children by the foster mother and her fiancé.

Appellant filed a petition for modification (§ 388) in June 2013, requesting placement of S.Y. with her. As changed circumstances justifying granting her request, appellant stated: ". . . I was informed that I was . . . not approved to have my niece and I fine [*sic*] that unexcepable [*sic*]. She need to have contact with her family all her brothers and sister and I can provide that for her." Regarding why granting the request would benefit the minor, appellant claimed, "[S.Y.] has two sides to here [*sic*] family and as it stands right now she is only be [*sic*] around one side, she also has four other brothers and sisters that she [is] not . . . seeing and with me both side[s] would be able to have her in their life."

HSA filed an opposition to appellant's section 388 petition. HSA noted S.Y. had been placed with her three older maternal half siblings in the same home since January 2012. Appellant's home was approved only for placement of S.Y., and the child did not have a relationship with appellant. Appellant did not regularly visit S.Y., either before or after the minors were removed from mother's home.

3

The juvenile court denied the motion in August 2013 and terminated parental rights in a separate hearing later that month.

## DISCUSSSION

Representing herself on appeal, appellant contends it was an abuse of discretion to deny her petition to place S.Y. with her. We disagree.

Section 361.3, subdivision (a) provides in part: "In any case in which a child is removed from the physical custody of his or her parents pursuant to Section 361, preferential consideration shall be given to a request by a relative of the child for placement of the child with the relative . . . ." Subdivision (c)(1) of section 361.3 states: " 'Preferential consideration' means that the relative seeking placement shall be the first placement to be considered and investigated." After the disposition hearing, ". . . whenever a new placement of the child must be made, consideration for placement shall again be given as described in this section to relatives who have not been found to be unsuitable and who will fulfill the child's reunification or permanent plan requirements." (§ 361.3, subd. (d).)

Under the express terms of section 361.3, relative placement consideration must be given through disposition, and thereafter if a placement change is necessary. In the absence of either of these circumstances, relative placement may be considered "so long as reunification efforts are ongoing. [Citation.]" (*In re Luke L.* (1996) 44 Cal.App.4th 670, 678.)

A motion for relative placement may be brought by way of a section 388 petition. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317 (*Stephanie M.*).) "At a hearing on a motion for change of placement, the burden of proof is on the moving party to show by a preponderance of the evidence that there is new evidence or that there are changed circumstances that make a change of placement in the best interests of the child. [Citations.]" (*Ibid*.) Denial of a relative placement request is subject to an abuse of discretion standard of review. (*Id*. at p. 318.)

4

The best interests of the child are of paramount consideration when a petition for modification is brought after termination of reunification services. (*Stephanie M.*, *supra*, 7 Cal.4th at p. 317.) In assessing the best interests of the child, the juvenile court looks to the needs of the child for permanence and stability. (*Ibid.*)

Appellant asks us to "verify the whereabouts of the children." She notes that she was approved for placement with S.Y. in 2012 and was still unable to bring her niece home "so that she can begin an ordinary life with family and stability." She claims S.Y. has never personally told her that she wishes to live with the foster parent. Regarding the reports that S.Y. does not know her, appellant claims the social worker and foster mother have intentionally kept the child away from her. She claims S.Y. has a bond with her and recognized her at their last visit. Finally, she notes that she was never offered placement of all four minors, and "it has been literally impossible" to get visitation with S.Y. or the other minors.

Appellant was approved for placement of only S.Y. as she had bed space for just one child. Granting the section 388 petition would harm S.Y. by separating her from half siblings she had lived with her whole life and with whom she had bonded. In addition, S.Y. would be removed from the prospective adoptive family with whom she had bonded and placed with a paternal relative she did not know.

Whether HSA's actions prevented S.Y. from bonding with appellant is irrelevant. Nothing in the record supports appellant's contention that HSA and the foster mother engaged in a conspiracy to keep S.Y. from visiting her. At this late stage of the dependency proceeding, the minor's interests in permanence and stability are paramount. It is not in the minor's best interests to remove her from the prospective adoptive parent she has known almost her entire life and to place her with a stranger simply because that stranger is related to her and wants to care for her.

The juvenile court did not abuse its discretion in denying a petition seeking a result that would harm the minor.

## DISPOSITION

The juvenile court's orders are affirmed.


           RAYE           , P. J.


We concur:


      NICHOLSON     , J.


      ROBIE         , J.